IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 620-112 |
| | ) |
| GDC COMMISSIONER and | ) |
| WARDEN TREVONZA BOBBITT, | ) |
| | ) |
| Respondents. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Georgia State Prison, in Reidsville, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.     BACKGROUND**

On November 23, 2020, Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 but did not pay the $5.00 filing fee or a proper motion to proceed *in forma pauperis* ("IFP").  (See doc. nos. 1-5.)  On December 1, 2020, the Court entered an order explaining Petitioner must either pay the $5.00 filing fee or submit a proper IFP motion, with supporting financial documentation, within twenty-one days or his case would be dismissed.  (Doc. no. 5.)

Petitioner did not submit the filing fee or IFP motion, but he did file several, mostly illegible "notices" variously complaining that he is not a pauper, referencing filings made in

his numerous other pending cases in the Southern District,[1] and expressing his unhappiness the Court will not proceed with the case without resolution of the filing fee issue.  (See doc. nos. 6-10.)

## II.   DISCUSSION

### A.   The Petition Should Be Dismissed for Failure to Comply with Court Order to Submit a Complete IFP Motion or Pay the Filing Fee

The time to respond to the Court's December 1st Order has expired, and Petitioner has not submitted the filing fee or a proper IFP motion with supporting documentation. Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see

---

[1]The caption on his filings reference from one to four different case numbers.  Compare doc. no. 6 with doc. no. 9.  Those are but the tip of the iceberg of Petitioner's extensive history of litigiousness.  See Cobble v. U.S. Gov't, CV 620-100, doc. nos. 16, 57 (S.D. Ga. Nov. 9 & Dec. 3, 2020) (detailing extensive filing history throughout the country, resulting in the imposition of filing restrictions in attempt to curtail abusive practices which have been characterized as a "deluge of incoherent ramblings [that] amount[] to little more than a waste of public resources and an abuse of the judicial process."  (CV 620-100, doc. no. 57, pp. 2-3)).

also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to file a proper IFP motion with supporting documentation or pay the $5.00 filing fee evidences non-compliance with a court order and amounts to a failure to prosecute. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Petitioner that a failure to respond would result in a recommendation for dismissal. Furthermore, because Petitioner refuses to provide any financial information, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

Because Petitioner has not paid the filing fee or submitted a proper motion to proceed IFP, the petition is subject to dismissal for Petitioner's failure to comply with the Court's December 1, 2020 Order.

### B.     The Substance of Petitioner's Claims Form No Basis for Relief

Moreover, even if Petitioner had complied with the Court's Order, the petition is subject to dismissal pursuant to initial review because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[2]; see also 28 U.S.C. § 2243 (requiring response to petition unless it appears applicant is not entitled to relief); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . . .") Petitioner is not seeking to challenge the execution of a sentence. He concedes he is "not challenging any conviction or

---

[2]See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (explaining petition from state prisoner in custody pursuant to judgment of state court subject to 28 U.S.C. §§ 2241 and 2254).

3

sentence," and states he seeks a DNA test to "see if [he is] British and British Nobility" so that he can be deported to the United Kingdom. (Doc. no. 1, pp. 4, 7.) Petitioner cites a Georgia statute, O.C.G.A. § 42-13-2,[3] in support of his "due process right" to be deported.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*); see also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (*per curiam*) (same). Petitioner concedes he is not challenging the validity of his confinement and specifically states he should be deported without overturning any conviction or sentence. (Doc. no. 1, pp. 4, 7.) Not only does Petitioner fail to explain how the cited Georgia statute establishes a due process right, but he also concedes he does not have proof of British citizenship.

As it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court," the petition is subject to dismissal, even if Petitioner had submitted a complete IFP motion or paid the filing fee.

---

[3]O.C.G.A. § 42-13-12 provides:

> When a treaty is in effect between the United States and a foreign country providing for the transfer of convicted criminal offenders to those foreign countries of which such offenders are citizens or nationals, the Governor or the Governor's designee is authorized, subject to the terms of the treaty, to act on behalf of the State of Georgia and to consent to the transfer of such convicted criminal offenders. The Governor or his or her designee is authorized to develop policies, procedures, and processes to implement the provisions of this Code section.

### III. LEAVE TO APPEAL *IN FORMA PAUPERIS*

A state prisoner seeking relief under § 2241 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal.")  This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Petitioner has failed to make the requisite showing. Accordingly, the Court should **DENY** a COA in this case.

Moreover, an appeal cannot be taken *in forma pauperis* ("IFP") if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner leave to appeal IFP. See 28 U.S.C. § 1915(a)(3).

### IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be **DENIED** a COA and leave to appeal IFP.

SO REPORTED and RECOMMENDED this 7th day of January, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA